*488 OPINION of the Court, by
Ch. J. Botxe.
This was an action upon a covenant given by Walton to Crist, and assigned by Crist, to Cartmill, bearing date the 20th of June 1810, whereby Walton bound himself to deliver to Crist, at some of the salt works in Bullitt county, 450 bushels of salt, between that time and the twenty-fifth of December next come a year.
The defendant pleaded, 1st, performance to the assignor before notice of the assignment to the plaintiff $ *489 ⅞<1, accord and satisfaction to the assignor before notice of the assignment.
Formal de-kQ> in * P*** ke^adva'ntagé 0f on general demurrer.
On the first Jilea issue was joined, and to the second there was a demurrer. The demurrer was sustained ; and the cause having come to trial upon the issue, the defendant offered in evidence a written acknowledg-raent by Crist of payment made by Walton - of 230 bushels of salt and 535f gallons of whiskey, to be ere-dited on his note for salt at the rate of 2s. 3d. per gallon, and salt at the rate of 4s. 10§d. per bushel. To the reading of which in evidence the plaintiff objected : but the court overruled the. objection, and the jilain-tiff excepted. The plaintiff then introduced as evidence an instrument purjiorting to be another note or co-v-enant, of the same date, from Walton to Crist, for the payment of the same quantity of salt, but payable the twenty-fifth of December next thereafter; but the defendant objected to its being read without proof of its execution by the subscribing witness : and the court sustained the objection, to which the plaintiff took another exception.
The plaintiff then offered to prove the confession of the defendant, that he had giv;en to Crist such a note as the last mentioned one, and that the payment made to Crist was to be applied as a credit to it; but such evidence having been objected to on the part of the defendant, it was rejected by the court; and a verdict and judgment having been given for the defendant, the plaintiff has brought the case to this court by writ of error.
1st. The paper purporting to be an acknowledgment by Crist of the receipt of salt and whiskey in discharge of the note for salt, was clearly inadmissible. The only issue joined being upon the plea of covenants performed, no evidence could be admitted but that which tended to jjtrove a performance of the covenant; and as the covenant was for the delivery of salt, a delivery of whiskey could not be a performance of it. Proof, therefore, of Such delivery was foreign from the issue, and consequently inadmissible. •
2d. The court -no doubt did right in rejecting the note offered in evidence by the plaintiff, without proof by the subscribing witness; nor was the confession of the defendant sufficient to authorise it to be admitted. — See Peak’s Ev. 100. On this point this case is *490 different front tile case of Brashear vs. Burlon, ante 442: f°r iR that case tile person executing the instrument, being himself a competent; witness, proved its execution in court; but in this case the person executing the instrument contests its validity, and the proof offered ⅛ of his confessions out of court. Such evidence was therefore properly rejected.
As the judgment, however, must be reversed because of the admission of improper evidence, it becomes necessary to remark, that we can perceive no substantial defect in the ’plea of accord and satisfaction. It is, to be sure, not drawn with technical precision ; but its defects being in the unessential parts only, cannot be taken advantage of on general demurrer. The decision of the court, therefore, sustaining the demurrer, was erroneous, and must be set aside, and the plaintiff have leave to withdraw his demurrer and reply.
Judgment reversed with costs, and the cause remanded for new proceedings not inconsistent with the foregoing opinion.